IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

FILED
ASHEVILLE, N. C.
DEC 8 1999
U.S. DISTRICT COURT
W. DIST. OF N. C.

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:99cv189-V |
| ) | |
| CITY OF NEWTON, NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, United States of America, alleges:

1. This action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII").

2. This Court has jurisdiction over the action under 42 U.S.C. Section 2000e-5(f) and 28 U.S.C. Section 1345.

3. Defendant Newton, North Carolina (hereinafter referred to as "Newton" or "the City") is a political subdivision of the State of North Carolina created pursuant to North Carolina law.

4. Defendant Newton is a person within the meaning of 42 U.S.C. Section 2000e(a), and an employer within the meaning of 42 U.S.C. Section 2000e(b).

5. Defendant Newton has discriminated against Donald Stokley, a white male formerly employed as a sanitation worker in the City's Department of Public Works and Utilities, because of

his race, white, and his association with a black person, in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), among other ways, by:

    a. subjecting Mr. Stokley to racial harassment while he was employed in the City's Department of Public Works and Utilities on the basis of his race and his association with a black person;

    b. discharging Mr. Stokley from his employment as a sanitation worker on the basis of his race and his association with a black person; and

    c. failing or refusing to take appropriate action to remedy the effects of the discrimination against Mr. Stokley.

6. The Equal Employment Opportunity Commission ("EEOC") received a timely charge filed by Mr. Stokley (Charge No. 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) in which he alleged that Newton discriminated against him on the basis of his race and his association with a black person by subjecting him to racial harassment and then terminating him from his position as a sanitation worker.

7. Pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, the EEOC investigated the charge, found reasonable cause to believe that Mr. Stokley's allegations of discrimination were true, unsuccessfully attempted to achieve through conciliation a

voluntary resolution of these matters, and subsequently referred the charge to the Department of Justice.

8. All conditions precedent to the filing of suit have been performed or have occurred.

WHEREFORE, plaintiff United States prays that this Court grant the following relief:

(a) Enjoin the City and its directors, officers, agents, employees, successors, and all persons in active concert or participation with the City, as appropriate, from failing or refusing to:

    (i) provide sufficient remedial relief to make whole Donald Stokley for the loss he has suffered as a result of the discrimination against him as alleged in this complaint;

    (ii) adopt a clear, meaningful, and well-publicized written policy prohibiting racial harassment against any City employee; and

    (iii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

(b) Award compensatory damages to Donald Stokley for mental and/or physical injuries incurred as a result of the discrimination against him as alleged in this complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

The plaintiff prays for such additional relief as justice may require, together with its costs and disbursements in this action.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

4

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

By:

JANET RENO
Attorney General

BILL LANN LEE
Acting Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

WILLIAM B. FENTON
 D.C. Bar Registration No. 414990
CHARLOTTE BURROWS
 Member N.Y. Bar (no number issued)
Attorneys
Civil Rights Division
U.S. Department of Justice
P.O. Box 65968
Washington, D.C. 20035-5968

MARK T. CALLOWAY
United States Attorney
Western District of North Carolina

By: Clifford C. Marshall
 Assistant United States Attorney
 Chief, Civil Division